# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. TUCKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL PARAMO,<br><br>　　　　Defendant. | Case No.: 1:15-cv-00829-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS SECOND AND SUCCESSIVE<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

　　　　In the course of conducting a preliminary screening of this petition, the Court has determined that Petitioner previously filed at least two federal habeas petitions challenging this same conviction.

　　　　In case no. 1:04-cv-05662-OWW-DLB, the petition was denied on its merits. This petition challenged the same conviction Petitioner attacks in this petition. Again, in case no. 1:13-cv-01534-AWI-BAM, Petitioner challenged the same conviction and that petition was denied as successive.

**I.　DISCUSSION**

　　　　A. <u>Preliminary Review of Petition</u>.

　　　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas

corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B. Successive Petitions. [§ 2254]

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a *new ground* unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements that allow a petitioner to file a second or successive petition, but rather the Ninth Circuit. Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). As discussed above, Petitioner has twice before filed petitions in this court seeking to challenge the same conviction as that in the instant petition. On the first occasion, the petition was denied on the merits. On the second occasion, it was denied as successive. Here, Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this successive petition attacking his conviction. That being so, this Court has no jurisdiction to consider

Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he **must first file for leave to do so with the Ninth Circuit**.  See 28 U.S.C. § 2244 (b)(3).

**ORDER**

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States District judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that [the Petition for Writ of Habeas Corpus be DISMISSED as a second and successive petition.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 21 days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten days after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 16, 2015**          **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE

3